Argued and submitted April 29, reversed and remanded for new trial on each charge
June 24, 1987

# STATE OF OREGON,
*Respondent,*

*v.*

# JACK LINNEMEYER,
*Appellant.*

(10-86-03081; CA A41516)

738 P2d 586

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his convictions for unauthorized use of a motor vehicle and theft in the second degree. Before trial, defendant moved to sever the charges. On appeal, he assigns error to the court's denial of the motion.

Defendant, while driving the vehicle described in the indictment, obtained gasoline at a service station and left without paying for it. He and his passenger were later stopped by the police, who discovered that the vehicle was stolen. Defendant, in a pretrial offer of proof, indicated that he would testify regarding the unauthorized use of a motor vehicle charge that the passenger picked him up and asked him to drive the vehicle to California. He would also testify that he did not know that it was stolen until he was told so by the police officer. He also stated, through counsel, that he would not testify in the theft trial.

■  The state concedes that the court erred in not severing the charges for trial. It agrees that defendant was prejudiced, because the evidence regarding the vehicle charge was circumstantial and not overwhelming. Defendant desired to testify respecting that charge but not the theft of gasoline charge. His anticipated testimony could well have influenced the outcome on the former charge. As a result of the court's denial of separate trials, defendant did not testify.

■  Although the court had authority to consolidate the charges for trial because they arose out of the same transaction, ORS 132.560, a defendant's request for severance should be granted when even arguable prejudice is demonstrated. We conclude that defendant has demonstrated prejudice from the consolidated trials and that the court erred by denying the motion.

Although the state concedes that the court erred, it argues that only the unauthorized use of a motor vehicle charge should be reversed and remanded for a new trial and that the theft charge should be affirmed. The state reasons that evidence respecting the use of the vehicle and the fact that it was stolen would be admissible as proof of the theft charge. It argues that defendant did not testify regarding the theft allegation, as was his plan, and thus was not prejudiced on that charge.

■      We need not decide what evidence would have been admissible had there been separate trials, and we express no opinion whether the state is correct in that regard. Defendant should have the opportunity to present his theory as to the admissibility of evidence and the trial court should have an opportunity to rule in the context of separate trials. We conclude that he is entitled to a new trial on each charge.

Reversed and remanded for new trial on each charge.